# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Michael Ifeanyi Nnebe,

        Plaintiff,

vs.

United States of America, *et al.*,

        Defendants.

Case No. 2:25-cv-01748-RFB-MDC

**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 8)**

Plaintiff Michael Ifeanyi Nnebe filed a renewed *Motion/Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 8). Plaintiff filed this IFP Application following the denial without prejudice of his initial IFP Application at ECF No. 2. The Court **DENIES** plaintiff's IFP Application (ECF No. 8) without prejudice for the reasons below. Plaintiff must either file a new Long Form IFP application OR pay the full filing $405 fee by **May 6, 2026**.

## I.      GENERAL LEGAL PRINCIPLES

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but applicant must demonstrate that because of his or her poverty he or she cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

1

(citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his or her income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g.*, *Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

II.     ANALYSIS

Plaintiff filed a new Long Form IFP Application (ECF No. 8) and supporting documentation, including copies of bank statements, regarding his expenses. However, plaintiff's current IFP Application is inconsistent with this initial IFP Application (ECF No. 2). In plaintiff's initial IFP Application, he listed $4,344 total in estimated monthly expenses and that he pays $1,800 on regular

monthly expenses to run his business. *ECF No. 2* at 4-5. In his current IFP Application, he lists $2,852.68 in total estimated monthly expenses and states that he spends $224.66 on regular monthly expenses to run his business. *ECF No. 8* at 4-5. If plaintiff chooses to refile another IFP application following this Order, plaintiff must explain the difference in his listed monthly expenses in his initial and current IFP applications. He must also explain the difference between his regular monthly expenses to run his business listed in his initial and current IFP application, and how he is able to continue running his business. Therefore, the Court finds it cannot make a determination of plaintiff's IFP status at this time. However, the Court will give plaintiff another opportunity to file his IFP application. If plaintiff wishes to proceed *in forma pauperis*, plaintiff must complete a new Long Form IFP application responding to the Court's request for clarification and additional information made by this order. Plaintiff also cannot leave any questions blank. He must fill out the application fully and provide an explanation for his answers. Finally, plaintiff should redact any personal or financial identifying information from any exhibits (*e.g.*, redacting bank account numbers, date of birth, etc…). Plaintiff's current IFP Application (ECF No. 8) attaches copies of unredacted bank statements. Plaintiff is directed to please review Local Rule IC 6-1, regarding redaction of information.

ACCORDINGLY,

**IT IS ORDERED** that:

1.  Plaintiff's *Application to Proceed in Forma Pauperis* (ECF No. 8) is **DENIED** without prejudice.

2.  Per LR IC 6-1(a)(4), the Court Clerk is directed to **please seal** ECF No. 8, because it contains plaintiff's financial account numbers.

3.  Plaintiff must either: (1) file a new IFP application, curing the deficiencies noted in this Order, **or** (2) pay the full $405 filing fee by **May 6, 2026**.

4.  Failure to timely file a new IFP application may result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

DATED: April 6, 2026.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.