**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Michael Ifeanyi Nnebe,

Plaintiff,

vs.

United States of America, *et al.*,

Defendants.

Case No. 2:25-cv-01748-RFB-MDC

**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 10)**

Plaintiff Michael Ifeanyi Nnebe filed a renewed *Motion/Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 10). Plaintiff filed this IFP Application following the denial without prejudice of his two initial IFP Applications. *ECF Nos. 7*, *9*. The Court **DENIES** plaintiff's IFP Application (ECF No. 10) without prejudice for the reasons below. Plaintiff must either file a new Long Form IFP application OR pay the full filing $405 fee by **November 20, 2026**.

## I. GENERAL LEGAL PRINCIPLES

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but applicant must demonstrate that because of his or her poverty he or she cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). Misrepresentation of assets is sufficient grounds in themselves for denying an IFP application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his or her income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee, e.g.*, *Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

## II. ANALYSIS

Plaintiff's prior IFP applications were inconsistent in his listed monthly expenses. *ECF No. 9*. Plaintiff filed his new Long Form IFP Application (ECF No. 10) with supporting documentation regarding his expenses. Plaintiff also explained that the difference in his monthly expenses in his prior applications because he recently "had to considerably cut down on business expenses due to the unexpected drop in business sales[.]" *ECF No. 10* at 6. However, plaintiff's current IFP Application is

deficient and internally inconsistent. Foremost, plaintiff lists that he expects to earn $0 in income in the next month(s) without explanation. While plaintiff explains that his income from self-employment, Shopify sales and "discretionary financial assistance from his mother" (ECF No. 10 at 1-2, 6) fluctuates and has been decreasing, he does not show why he would expect no income at all in the future. Plaintiff also does not state the average economic assistance that he received from his mother. The Court also notes that plaintiff has included bank statements from "Almighty Rentals, LLC," (*see, e.g.*, ECF No. 10 at 45-47), which appear to show income from Turo, a peer-to-peer car rental platform that allows private car owners to rent out their vehicles. Plaintiff's applications, including ECF No. 10, do not explain the nature of Almighty Rentals, LLC or disclose any income from Turo. Finally, Plaintiff also lists that he owns two motor vehicles while not listing that pays any money for motor vehicle insurance. *Id.* at 3-4. He must clarify how much he pays for motor vehicle insurance or why does not pay for any such insurance.

Given the foregoing, the Court finds it cannot make a determination of plaintiff's IFP status at this time. While the Court appreciates that plaintiff includes bank statements and other documents, the Court cannot draw inferences from those documents. Plaintiff's application must be consistent, accurate, forthcoming, and complete. Plaintiff is also cautioned against filing bank statements or other documents containing personal identifying information. Such documents should be filed under seal. Plaintiff should review Local Rule IA 10-5 and *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). The Court will give plaintiff one last opportunity to file an IFP application. If plaintiff wishes to proceed IFP, plaintiff must complete a new Long Form application responding to the Court's requests for clarification and additional information. Plaintiff also cannot leave any questions blank. He must fill out the application fully and provide an explanation for his answers. Plaintiff is further cautioned that failure to file a proper and complete IFP application may result in the Court requiring him to pay the filing fee for this case.

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff's *Application to Proceed in Forma Pauperis* (ECF No. 10) is **DENIED** without prejudice.
2. Plaintiff must either: (1) file a new IFP application, curing the deficiencies noted in this Order, **or** (2) pay the full $405 filing fee by **November 20, 2026**.
3. Failure to file a proper and complete IFP application may result in plaintiff being required to pay the filing fee for this case.
4. Failure to timely file a new IFP application or pay the filing fee may result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

DATED: October 20, 2026.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any

change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.